WORDEN·*v.* PECK.

1. SALES—AUTOMOBILES—EXPRESS AFFIRMATION OF CONDITION CON-
   STITUTES WARRANTY—RESCISSION.

   Representation by defendant's sales agent that a second-hand
   automobile sold to plaintiff was in A-1 condition, had had a
   complete overhauling, the block had been rebored, new pistons
   placed, and everything was in good running order, constituted
   a warranty, and, if relied on by plaintiff, afforded him right
   of rescission for breach thereof, since the representation went
   beyond mere sales puffing, and was an express affirmation of a
   particular condition of the automobile, and not a mere opinion.

2. SAME—DOCTRINE OF CAVEAT EMPTOR NOT APPLICABLE WHERE
   PURCHASE INDUCED BY ASSERTED FACTS.

   An automobile dealer whose sales agent asserted facts as to the
   condition of an automobile sold to plaintiff, constituting a
   warranty, is in no position to appeal to the maxim of *caveat
   emptor* in a suit for rescission for breach of warranty.

3. SAME—RESCISSION—BREACH OF WARRANTY—CONDITION ON RE-
   TURN.

   Under 3 Comp. Laws 1915, § 11900, an automobile buyer rescind-
   ing the contract of purchase and returning the automobile, is
   not required to make return in as good condition as when
   taken, where deterioration or injury is due to breach of war-
   ranty.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted October 4, 1928. (Docket No. 59, Calendar
No. 33,935.) Decided December 4, 1928.

Bill by Louis Worden against Fred H. Peck for
rescission of a contract for the sale of an automobile.
From a decree for plaintiff, defendant appeals. Af-
firmed.

*J. Claude Youdan,* for defendant.

WIEST, J. Plaintiff purchased from defendant a second-hand automobile, turned in a used automobile in part payment, paid some cash, and gave his notes, secured by chattel mortgage on the car for the balance. After using the car some weeks, during which time defendant attempted repair, plaintiff returned it to defendant and filed the bill herein to obtain rescission for breach of alleged warranty and to restrain defendant from disposing of the notes. Defendant denied the alleged warranty, asserted repairs and adjustments made without charge, and set up sale of the automobile under the chattel mortgage, credit given for the avails, and asked decree for the balance due. The circuit judge found the warranty, reliance thereon and breach thereof, and granted plaintiff a money decree for $275. Defendant appealed.

In making the sale, defendant's sales agent stated that the car was in A-1 condition, had had a complete overhauling, the block had been rebored, new pistons placed, and it was the same as a new car, and everything was in good running order. The car had not been properly put in repair, and had many defects which we need not detail, beyond stating that when plaintiff finally returned the car defendant put in a new crank shaft, new valves in the motor, wrist pins, rollers, six pistons, fly wheel, four cork inserts, pressure plate, front bearing cap, cylinder head gasket, and a differential carrier assembly, at an expense of $200. Plaintiff purchased the car July 9th. He returned it twice for adjustments and repair of defects, and returned it finally the last of August, after driving it in all about 800 miles.

Counsel for defendant contends that the statements made about the condition of the car were but an expression of opinion and not a warranty. If

plaintiff was led to make the purchase by statements of the condition of the car the representations constituted a warranty affording him right of rescission for breach thereof. The representations went beyond mere sales puffing.

There was an express affirmation of a particular condition of the automobile, and not a mere opinion. The affirmation.purported to be based upon facts known to the agent making the sale, related to the condition of the automobile, and were well calculated to induce its purchase. The statement of the agent that the car was the same as a new car may be classed as dealers' talk or mere expression of opinion, but, with such laid aside, there remains the direct affirmation of the actual condition of the automobile, and such constituted a warranty, and for breach thereof there was right to rescind.

In the face of asserted fact as to the condition of the automobile by reason of its repair, defendant is in no position to appeal to the maxim of *caveat emptor.*

Defendant invokes section 69, subd. 3, of the uniform sales act (3 Comp. Laws 1915, § 11900), requiring one, in case of rescission, to return the goods in substantially as good condition as they were at the time of the sale, and insists that the car was not in such condition when returned. We think the same section covers this case in its provision that, if deterioration or injury is due to the breach of warranty, it is not necessary to make return in as good condition as when taken.

Plaintiff having filed no orief, the decree is affirmed, without costs to either party.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.